JUNE 11, 1803.

# Thomas Speed *v.* Benjamin Grayson.

*Upon a motion for a peremptory Mandamus.*

1. Where the language of an act, taken literally, would defeat the purpose for which it passed, such a construction will be adopted as will effect the purpose intended by the legislature in its passage.

2. The tenth section of the act of 1802 establishing circuit courts in Kentucky, provided that before any judge of the court could act as such he should take a certain oath, *which should be recorded in his court.* One of the duties of the judge was to appoint a clerk to make and keep the records of the court— *Held:* That the act should not be construed to require the oath to be recorded before the judge could appoint a clerk, as such a construction would defeat the object of the act.

The certificates of the assistant judges having been recorded in the clerk's office of the general court, was not a compliance with the requisition of the circuit court law, because they are not such kind of writings which the law authorizes the clerk to record in his office.

From the transcript of the record exhibited, which is certified by Grayson as clerk of the Nelson circuit court, it appears that the certificates had been produced in court when this contest arose and were delivered to Speed. But it does not appear that the certificates were *then* recorded by him or at any time during that term, which is necessary to show that the assistant judges were authorized to appoint or to join in the appointment of a clerk, or to exercise any judicial function.

Wherefore, the motion is overruled with costs.

Whereupon came the plaintiff aforesaid, by his attorney, and filed a copy of the record and proceedings of the circuit court of Nelson county, made out by him as clerk thereof, and moved the court for a rehearing of the motion aforesaid, which was granted him on the second day of the next term on his paying the costs of this order.